IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ANTHONY L. COOPER,
D.O.C. # 277718,

    Plaintiff,

vs.                              Case No. 4:07cv381-RH/WCS

GOVERNOR CHARLIE CRIST
and JAMES McDONOUGH,

    Defendants.

    _____/


## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, has submitted a § 1983 civil rights complaint "for emergency relief [and] investigation." Doc. 1. Plaintiff did not file a motion seeking leave to proceed with *in forma pauperis* status, with good reason. Plaintiff is not generally entitled to proceed *in forma pauperis* in the federal courts absent allegations that he is in imminent danger because he has incurred more than three "strikes" under 28 U.S.C. § 1915(g).[1]

---

[1] It is unnecessary to list all of Plaintiff's cases, but sufficient to note that case 3:00cv135 was dismissed as malicious, case 3:00cv51 was dismissed as malicious, case 4:98cv197 was dismissed as frivolous, and case 3:00cv89 was dismissed as malicious for abuse of judicial process. *See* 4:04cv303.

Plaintiff is incarcerated within the Florida Department of Corrections and housed at Florida State Prison in Raiford, Florida. Doc. 1. Plaintiff's allegations claim that a guard slammed Plaintiff's fingers in the cell door's food flap and then refused Plaintiff medical care. The guard allegedly threatened to kill Plaintiff. Plaintiff requests emergency assistance.

Plaintiff's claims are all too familiar. This is not the first time Plaintiff has sought to file a case here and alleged that his life was in danger. *See* case 4:04cv303-RH/WCS. It is also not the first time he names the Governor of the State of Florida as Defendant in an effort to present a case to this Court rather than the Middle District of Florida. Case 4:04cv303. Plaintiff is certainly aware that the Governor and Secretary of the Department of Corrections are not persons who he would encounter at Florida State Prison. Although Plaintiff names both of these officials as Defendants in this case, he is not even attempted to claim that they are involved in his claims in any way. Plaintiff has once again, more than likely, simply named these Defendants to avoid filing a case in the Middle District of Florida.

Previously, case 4:04cv303 was transferred to the Middle District rather than be dismissed for that Court to determine whether Plaintiff's claims entitle him to *in forma pauperis* status under the imminent danger provision of the Prison Litigation Reform Act. Should there be any truth to Plaintiff's claim that a prison official at F.S.P. is threatening to kill him, the Middle District of Florida is the Court with jurisdiction over this matter. Furthermore, any decision about *in forma pauperis* status and whether to allow Plaintiff to file a complaint should be left to that Court.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.  There is no need for a hearing on this matter or to provide an opportunity for Plaintiff to respond prior to ordering the transfer.  <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.").  It is recommended that the case be transferred rather than dismissed.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 11, 2007.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:07cv381-RH/WCS